UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PRESCOTT MCCURDY, )<br>)<br>Plaintiff )<br>) No. 2:23-cv-00223-LEW<br>v. )<br>)<br>CUMBERLAND COUNTY, ME, et al., )<br>)<br>Defendants. ) | |

## ORDER ON DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS

After his license was suspended and contrary to his bail conditions, Plaintiff Prescott McCurdy drove an unregistered vehicle and was ultimately stopped and arrested. Afterwards, McCurdy, *pro se*, sued Cumberland County, Maine, and numerous employees, claiming that they unlawfully detained and seized his property in violation of the Fourth and Fourteenth Amendments of the United States Constitution and various provisions of the Maine Constitution.[1]  McCurdy also asserted a conversion claim against Defendants Charles Lounder, Vice President of Atlantic Coast Towing, Inc., and Atlantic Coast Towing, the company that towed his vehicle.  Before the Court are the Defendants' motions for judgment on the pleadings.  *See* Mot. for J. on the Pleadings or for Summ. J., ECF No.

---

[1] These employees include James Gailey, Cumberland County Manager, and Deputies Steven Welsh, Todd McGee, and Brandon Pelton.

25 (County Defendants); Mot. for J. on the Pleadings, ECF No. 26 (Lounder and Atlantic Coast Towing).

For the reasons below, the Defendants' motions are GRANTED.

Rule 12(c) allows a party to move for judgment on the pleadings any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is "ordinarily accorded much the same treatment" as a Rule 12(b)(6) motion. *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54 (1st Cir. 2006). To survive a motion for judgment on the pleadings, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because a motion for judgment on the pleadings "calls for an assessment of the merits of the case at an embryonic stage," I "view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences" in the nonmovant's favor. *Pérez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (quoting *R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 182 (1st Cir. 2006)).

In ruling on a Rule 12(c) motion, unlike a Rule 12(b) motion, I consider the pleadings as a whole, including the answer. *See Aponte-Torres*, 445 F.3d at 54–55. "Like Rule 12(b)(6), Rule 12(c) does not allow for any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Id.* at 54. Therefore, because it is so early in the litigation, I will not consider any facts the parties dispute; for example, I will not credit any allegations in the complaint denied in the answer. *See Santiago v. Bloise*, 741 F. Supp. 2d 357, 360 (D. Mass. 2010).

My analysis begins with McCurdy's federal and Maine State constitutional claims against the County Defendants, who McCurdy alleges unlawfully seized and detained his vehicle. These claims fail because McCurdy has not pleaded that he was lawfully operating his vehicle; instead, his filings with the court concede that he violated Maine State law. *See Flanders v. Mass Resistance*, No. 1:12-CV-00262-JAW, 2013 WL 2237848, at *9 (D. Me. May 21, 2013) ("The pleadings of a pro se plaintiff may be interpreted in light of his or her supplemental submissions."). After being stopped, McCurdy alleges that he handed Deputy Pelton a "Notice" to "Peace officer(s)" and a "Bill of Sale." Compl. ¶8. In his response to the County Defendant's statement of material facts, McCurdy acknowledges that he failed to produce a valid vehicle registration, that "no 'license plate' was attached to" his automobile, that his license was suspended, and that he was subject to bail conditions prohibiting him from operating a motor vehicle. Pl.'s Resp., ECF No. 28-1 at 1 (acknowledging the truth of many of the factual assertions by the County Defendants' Statement of Material Facts). In light of these concessions, McCurdy's claims against the County Defendants necessarily fail because he was operating a vehicle in violation of a slew of statutes. *See* 29-A M.R.S. § 2104(1) (attaching false plates); *id.* § 2415 (operating a vehicle after suspension or revocation); 15 M.R.S. § 1092(1) (violating conditions of release). Thus, Deputy Pelton had reasonable suspicion to stop McCurdy, probable cause to arrest him for violating the law, and authority to tow McCurdy's vehicle. *See United States v. Santana-Vasquez*, No. 2:19-CR-00099-GZS, 2021 WL 6050930, at *4 (D. Me. Dec. 21, 2021) ("Driving without a license and driving without valid registration are Class E misdemeanors, and arrestable offenses under Maine law when committed in the officer's

presence."); 29-A M.R.S. § 2069(3) (providing that a "law enforcement officer may cause the removal to a suitable parking place of a vehicle connected with" the "arrest of the operator or owner of that vehicle," a "suspended registration," or the "commission of a crime").

McCurdy's conversion claim against Defendants Atlantic Coast Towing and Vice President Charles Lounder fails for similar reasons. A conversion claim requires a *prima facie* case of three elements:

> (1) that the person claiming that his property was converted has a property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for its return that was denied by the holder.

*York Marine, Inc. v. M/V Intrepid*, No. 2:15-CV-00184-JDL, 2016 WL 5372762, at *6 (D. Me. Sept. 26, 2016) (citing *Withers v. Hackett*, 714 A.2d 798, 800 (Me. 1998)).

Because McCurdy's concessions above amount to him acknowledging that he was unlawfully operating a motor vehicle, McCurdy has failed to demonstrate that he had a right to possess his vehicle at the time of the alleged conversion. *See* 29-A M.R.S. § 2069(3) (authorizing officers to tow a vehicle upon the driver's arrest). Furthermore, McCurdy makes no allegations that he paid Atlantic Coast Towing's fees, as required by Maine law to recover a vehicle after it has been towed. *See* 29-A M.R.S. § 2069(3); *id.* § 1852 (prescribing that "a vehicle is considered 'abandoned' if the owner or lienholder does not retrieve it and pay all reasonable charges for towing, storing and authorized repair of the vehicle within 14 days" after certain notices). Thus, McCurdy's pleadings fail to state a conversion claim.

For the foregoing reasons, the County Defendants' Motion for Judgment on the Pleadings (ECF No. 25) is **GRANTED** and Atlantic Coast Towing, Inc., and Charles Lounder's Motion for Judgment on the Pleadings (ECF No. 26) is **GRANTED**. Consequently, Plaintiff McCurdy's claims are **DISMISSED**.

SO ORDERED.

Dated this 8th day of February, 2024.

                                                  /s/ Lance E. Walker
                                              UNITED STATES DISTRICT JUDGE